

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| RAYMOND CLARK, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 04-1280-T/An |
| | ◊ | |
| CORRECTIONS CORPORATION OF AMERICA, ET AL., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Raymond Clark a/k/a Raymond E. Clark, Tennessee Department of Correction prisoner number 227052, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on October 25, 2004, along with a motion seeking appointment of counsel. The Court issued an order on November 1, 2004 directing the plaintiff to file, within thirty days, the documentation required by the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), or pay the civil filing fee. Plaintiff filed motions seeking leave to proceed *in forma pauperis* on November 10, 2004 and November 12, 2004. He paid the civil filing fee on November 23, 2004. In a separate order, the Court denied the *in forma pauperis*

motions as moot and severed an amended complaint and two motions for a preliminary injunction that were subsequently filed. On March 10, 2005, plaintiff filed a document concerning his efforts to exhaust his administrative remedies.

The Clerk shall record the defendants as the Corrections Corporation of America ("CCA"); HCCF Warden Glen Turner; HCCF Assistant Warden Joe Patterson; Grievance Chairperson Nena Moss; DEC-TECH, Inc., a private corporation that has a contract to install beds at the HCCF; Assistant Shift Supervisor Dewayne Williams; Health Administrator Boyette; Nurse McKinnie; Nurse Gates; and Correctional Medical Services, Inc. ("CMS").

I. Analysis of Plaintiff's Claims

The complaint in this action consists of forty-one handwritten pages and more than two inches of documents.[1] The plaintiff alleges that he weighs two hundred sixty pounds and is medically disabled, suffering from high blood pressure, cirrhosis of the liver, gauch [sic], treading [sic] hips, and knee and back problems. Accordingly, a doctor at his previous prison had directed that the plaintiff be assigned a bottom bunk on a lower floor. The plaintiff was transferred to the HCCF on or about March 28, 2003, at which time he was assigned to a top bunk on an upper floor. Upon his arrival, plaintiff allegedly informed defendants McKinnie and Gates that he had a medical "AVO" for a lower floor and a bottom

---

[1] This complaint is largely duplicative of a case the plaintiff previously filed, Clark v. Corrections Corp. of Am., No. 04-1038-T/An (W.D. Tenn.), which was filed on March 1, 2004 and dismissed on August 30, 2004 pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Judgment in that action was entered on September 2, 2004. Plaintiff filed a motion for relief from judgment on September 20, 2004, which the Court denied in an order issued on February 20, 2005. Plaintiff did not appeal.

2

bunk, which was issued by a doctor at the West Tennessee State Penitentiary. He further alleges that the accuracy of his statement could have been verified through a computer check. McKinnie and Gates allegedly confirmed that an AVO had been issued but apparently told him they did not have the power to change his housing assignment and that he could wait to see the doctor. Plaintiff asked to have defendant Boyette called, but the nurses refused to call their supervisor and told the plaintiff to leave. Plaintiff further alleges he told defendant Williams that the nurses refused to honor his AVO, and Williams replied that he did not have any bottom bunks available. Williams also told the plaintiff that the fact the nurses did not issue a medical AVO meant that plaintiff did not need one. Plaintiff asked Williams to call defendant Turner, but Williams allegedly told plaintiff that he could sleep in the bunk he was assigned or he would be written up and placed in the hole. Plaintiff complied because he was hoping to be released on parole.

As plaintiff was attempting to climb onto the top bunk, the mattress allegedly slipped off the frame and plaintiff fell against a metal locker, injuring his head. The plaintiff asserts there are no steps or ladder to get up into the top bunk and nothing stable for an inmate to grab onto to pull himself onto the bunk. Later, on March 30, 2003, plaintiff's mattress allegedly slipped off the frame, causing him to fall to the floor and "split[ting] his head wide open," which required stitches. Plaintiff further alleges that, even after he received an AVO from the doctors at the HCCF, defendant Williams did not change his assignment to a lower bunk.

3

The plaintiff alleges that defendant TEC-TECH improperly installed the bunk beds at the prison so that the mattress was not secured by a rim or lip. In addition, plaintiff asserted the beds were installed upside down with the mounting bolts protruding into the sleeping area. As a result, plaintiff had to place clothing on his bed so avoid injury from the bolts, which left little room for him to lie down.

The plaintiff sues defendant Moss for improperly handling his grievances, and he sues defendants Patterson and Turner for failing adequately to respond to his grievances and to correct conditions that they allegedly knew existed. The plaintiff seeks declaratory relief and compensatory and punitive damages.[2]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).[3] Plaintiff's complaint

---

[2] Although the first page of the complaint indicates that the plaintiff also seeks injunctive relief, the prayer for relief contains no such request.

[3] The Court ordinarily considers, as a threshold matter, whether the complaint adequately alleges that the plaintiff has exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). In this case, the plaintiff has expended considerable effort attempting to demonstrate that various defendants have interfered with his attempts to exhaust his administrative remedies. In the interest of judicial economy, the Court declines to parse through those allegations, and the plethora of documents submitted by the plaintiff, because this action is subject to dismissal on other grounds.

4

is subject to dismissal in its entirety.

First, as previously mentioned, plaintiff previously filed an action concerning the failure to honor his medical AVO for a bottom bunk and the injury he suffered due to the fall from his bed in March of 2003. Clark v. Corrections Corp. of Am., et al., No. 04-1038-T (W.D. Tenn.). The defendants in case no. 04-1038 included CCA, Warden Turner, Shift Supervisor Williams, and Health Administrator Boyette. The dismissal order in that action, which was issued on August 30, 2004, dismissed the Eighth Amendment claim based on the failure to honor the plaintiff's AVO, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim on which relief may be granted.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.'" Montana v. United States, 440 U.S. 147, 153 (1979); see also Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."); In re Fordu, 201 F.3d 693, 702-03 (6th Cir.

5

1999) (explaining that the doctrine of collateral estoppel is now referred to as "issue preclusion").

"Courts apply the doctrine of *res judicata* to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992). To apply the doctrine of *res judicata*, or claim preclusion, four elements must be satisfied:

1. A final judgment on the merits in the first action by a court of competent jurisdiction;
2. The second action involves the same parties, or their privies, as the first;
3. The second action raises an issue actually litigated or which should have been litigated in the first action;
4. An identity of the causes of action.

Id.

In this case, the plaintiff is asserting an Eighth Amendment claim based on the failure to honor his medical AVO. Defendants CCA, Turner, Williams, and Boyette were parties to the first action in which that claim was asserted. The Court rejected that claim on the merits, and a final judgment to that effect was issued. It would appear, therefore, that the requirements for *res judicata* have been satisfied with respect to the claims against defendants CCA, Turner, Williams, and Boyette.[4]

---

[4] Two other issues must be considered in this context. First, case no. 04-1038 was dismissed pursuant to this Court's screening authority prior to service on the defendants. Ordinarily, a dismissal pursuant to 28 U.S.C. § 1915(e), where the plaintiff is proceeding *in forma pauperis*, does not have a preclusive effect on a subsequent paid complaint, Denton v. Hernandez, 504 U.S. 25, 34 (1992), although it may "have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions," id. Although the plaintiff paid the filing fee in this case, his complaint is still subject to screening pursuant to 28 U.S.C. § 1915A. The Sixth Circuit has applied *res judicata* to dismiss successive complaints filed by prisoners. Smith v. Morgan, 75 Fed. Appx. 505, 506-07 (6th

6

The plaintiff has also asserted his Eighth Amendment claim against defendants McKinnie, Gates, and CMS, who were not parties to case no 04-1038. Those claims are barred by collateral estoppel or issue preclusion.

> The Sixth Circuit has established a four-part test for determining whether and when collateral estoppel bars relitigation of an issue:
>
> 1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
> 2) determination of the issue must have been necessary to the outcome of the prior proceeding;
> 3) the prior proceeding must have resulted in a final judgment on the merits; and
> 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

United States v. Cinemark U.S.A., Inc., 348 F.3d 569, 583 (6th Cir. 2003), *cert. denied*, 124 S. Ct. 2905 (2004). Pursuant to this doctrine, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were <u>or could have been</u>

---

Cir. Sept. 19, 2003); Taylor v. Reynolds, 22 Fed. Appx. 537 (6th Cir. Nov. 8, 2001); Hill v. Elting, 9 Fed. Appx. 321 (6th Cir. May 7, 2001). Accordingly, plaintiff's Eighth Amendment claim against defendants CCA, Turner, Williams, and Boyette is subject to dismissal on the basis of res judicata.

Second, the factual allegations in this complaint are more detailed than those in case no. 04-1038, in an apparent attempt to overcome the Court's conclusion in the previous case that the allegations of the complaint were insufficient to establish deliberate indifference. However, plaintiff could have offered his additional factual allegations in case no. 04-1038, either in his motion for reconsideration or on appeal. The Sixth Circuit has, on numerous occasions, rejected similar arguments made by plaintiffs seeking to avoid application of *res judicata*, reasoning that any argument the plaintiff may have about procedural decisions made in the original lawsuit should have been made in that case, either at the trial court level or on appeal. See, e.g., Quality Measurement Co. v. IPSOS S.A., 56 Fed. Appx. 639, 634 (6th Cir. Jan. 8, 2003) ("RSC is essentially arguing that it should get a new trial simply because the first one was not fair. . . . The purpose of *res judicata* is to preclude exactly this sort of case; parties cannot relitigate an issue or claim simply because they believe the court or jury reached an incorrect result in the first case. The law provides finality to the parties by insisting they raise complaints about litigation while the case is pending. RSC should have raised the issue of unfairness in the first action, and it may not do so now."); Watts v. Federal Express Corp., 53 Fed. Appx. 333 (6th Cir. Dec. 13, 2002), *cert. denied*, 540 U.S. 1006 (2003); Rainey Bros. Constr. Co. v. Memphis & Shelby County Bd. of Adjustment, No. 97-5897, 1999 WL 220128 (6th Cir. Apr. 5, 1999) (per curiam); Perry v. Croucher, No. 97-3033, 1998 WL 66151, at *4 (6th Cir. Aug. 31, 1998).

7

raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (emphasis added).

In this case, the merits of the Eighth Amendment claim based on the failure to honor the plaintiff's AVO were raised and actually litigated in case no. 04-1038, which concluded with a final judgment on the merits. The plaintiff chose not to challenge the Court's holding that the complaint did not state an Eighth Amendment claim in his motion for reconsideration, and he did not file an appeal. Under these circumstances, it is appropriate to bar him from raising an Eighth Amendment claim arising out of the failure to honor his medical AVO against any defendant in this action.

Second, a one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). The plaintiff was transferred to the HCCF on March 28, 2003, and he fell out of bed the night of March 29-30, 2003. The plaintiff's complaint was signed on October 21, 2004 and, even if it is assumed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988), it is plainly untimely. For the same reason, the claim against defendant DEC-TECH accrued on March 29-30, 2003, the date on which the mattress slipped off the bed, and, therefore, that claim is also time barred.

Third, in order to state a § 1983 claim, plaintiff must allege action under color of state law. West v. Atkins, 487 U.S. 42, 55-57 (1988). "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n

order to be subject to suit under § 1983 claim, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). The complaint provides no basis for state action in the conduct of defendant DEC-TECH, a private corporation that provides goods to the State of Tennessee and its contractors.[5]

Plaintiff also has no claim against defendants Moss, Patterson, or any other defendant concerning the handling of his grievances. Although 42 U.S.C. § 1997e(a) imposes a statutory requirement that prisoners exhaust their administrative remedies before filing lawsuits, misfeasance or malfeasance by prison officials in connection with the grievance process is not grounds for an independent cause of action. See 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief may be granted.

II.     Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may

---

[5] DEC-TECH's position in this action is fundamentally different than that of CCA and CMS, private corporations that entered into contracts with the State of Tennessee to operate prisons and to provide medical services to prisoners, respectively. CCA and CMS act under color of state law because they perform functions traditionally performed by the state. Skelton v. Pri-Cor, Inc., 963 F.2d 100, 102 (6th Cir. 1991). By contrast, DEC-TECH is one of numerous vendors who sell goods to the State.

not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[6] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

---

[6] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[7]

IT IS SO ORDERED this 2nd day of August, 2005.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[7] As previously noted, see *supra* p. 2 n.1, plaintiff previously filed Clark v. Corrections Corp. of Am., No. 04-1038-T/An (W.D. Tenn.), which was dismissed in part for failure to state a claim.

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 1:04-CV-01280 was distributed by fax, mail, or direct printing on August 4, 2005 to the parties listed.

Raymond Clark
HCCF-Whiteville
227052
P.O. Box 549
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT