IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND CLARK, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 04-1280-T |
| | ◊ | |
| CORRECTIONS CORPORATION OF AMERICA, ET AL., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

ORDER ASSESSING APPELLATE FILING FEE

Plaintiff Raymond Clark, Tennessee Department of Correction prisoner number 227052, an inmate at the Hardeman County Correctional Facility ("HCCF"), has filed a notice of appeal from the Court's order of dismissal and judgment, entered on August 4, 2005 and August 5, 2005, respectively. The order of dismissal certified under 28 U.S.C. § 1915(a)(3) that this appeal is not taken in good faith.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the provisions of § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). Section 1915(b) provides:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on  8/29/05

    exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
    (A) the average monthly deposits to the prisoner's account; or
    (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
 (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, the statute does not excuse the payment of the full filing fee; it merely provides the prisoner an opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has submitted the documents required by § 1915(a)(2), showing that the average monthly deposits in his trust fund account during the past six months was $72.18 and the average monthly balance was $25.32. Therefore, the Court hereby assesses a partial initial filing fee of 20% of $72.18, which equals $14.44.

Accordingly, the trust fund officer at plaintiff's prison is ORDERED to collect, when plaintiff's trust fund account contains any funds, the partial initial filing fee in the amount of $14.44 and pay it directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk

of Court, until the initial partial appellate filing fee is paid in full.

It is further ORDERED that after the initial partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of Court monthly payments equal to 20% of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255.00 appellate filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301,

and shall clearly identify plaintiff's name, inmate number and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address and provide the officials at the new prison with a copy of this order.

The Clerk is directed to mail copies of this order to the prison official in charge of prison trust fund accounts at HCCF and to the warden of HCCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to

the payment of filing fees. The Clerk shall also send a copy of this order to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

26 August 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 1:04-CV-01280 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

Raymond Clark
HCCF-Whiteville
227052
P.O. Box 549
2520 Union Springs Road
Whiteville, TN 38079

Honorable James Todd
US DISTRICT COURT